UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| WILLIE LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-24-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Willie Lowe is currently incarcerated in Roederer Correctional Complex in La Grange, Kentucky. He has filed the instant *pro se* complaint asserting civil rights claims under 42 U.S.C. § 1983, and has shown sufficient lack of funds to qualify to proceed in this case *in forma pauperis*. The Complaint is now before the Court for initial screening[1] pursuant to 28 U.S.C. § 1915A, as this is a civil action being pursued by a prisoner against government officers, and pursuant to 28 U.S.C. § 1915(e), since Lowe is proceeding *in forma pauperis*. Both of these statutes provide that the Court must dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants immune from such relief. *Id.* For the reasons set forth below, the Court will dismiss the Complaint.

---

1   *Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Wagenknecht v. United States*, 533 F.3d 412, 415 (6th Cir. 2008). Moreover, at the screening phase, the allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

-1-

## I. Background

Lowe has an extensive litigation history in the Eastern District of Kentucky over a short period of time. From May 2009 to May 2010, while he was confined in various jails located within this judicial district, Lowe filed a number of civil rights lawsuits (now amounting to eleven cases) regarding the conditions of his confinement at various jails and corrections centers in which he has been incarcerated. However, he has not paid the $350 filing fee in a single case.

Lowe's litigation strategy has been to simply file a new civil rights action as soon as the Court screens one Complaint, or as soon as he is transferred from one place of incarceration to another. In several of his cases, after initiating the lawsuit, Lowe failed to sufficiently respond to the Court's Deficiency Orders. *See, e.g.*, *Lowe v. Ballou*, E.D. Ky. 6: 09-372-ART; *Lowe v. Lundy*, E.D. Ky. No. 6: 09-319-GFVT; *Lowe v. Mobley*, E.D. Ky. No. 6: 09-277-GFVT. As a result, these earlier cases were dismissed for failure to prosecute. As discussed below, several of Lowe's other civil actions have been dismissed for his failure to state a claim.

In the present case, Lowe submitted a civil rights form complaint. On the form, he provided the following information to justify the action:

> The reason why I[']m filing this law suit is the D.O.C. will not send me closer to home[.] I have requested to go to London Jail because I[']m from Corbin Ky. London Jail is where I[']m wanting to do my time and I can also see my family because it is closer for them to see me. My grandma has been sick also I think violent offenders should make parole. I have wrote to the D.O.C. several times asking to be moved and all they are doing is giving me a run around. I[']m questing [sic] to go to work as a trustee[.]

[Record No. 2, p. 2]

On the face of the Complaint, Lowe named the "D.O.C. Department of Corrections" as the only defendant. [*Id.*, p. 1] In the section of the form asking which of his civil rights were violated, he wrote nothing. [*Id.*, p. 4] And with respect to the relief requested, he repeated his desire to be in the London, Kentucky jail, have a job as a prisoner-trustee, and be placed closer to his family. [*Id.*, p. 8]

**II.     Discussion**

The Complaint contains two fatal flaws that mandate dismissal. First, Lowe has named a department of state government as the sole defendant. The Kentucky Corrections Cabinet is an agency of the Commonwealth of Kentucky, and neither a state nor its agencies are "persons" susceptible to being sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, a governmental entity cannot be found liable under section 1983 on a *respondeat superior* theory. Such liability can be imposed only for injuries inflicted pursuant to an official governmental policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). Thus, this action must be dismissed as to Kentucky's Department of Corrections.

Additionally, this Court may not exercise jurisdiction over the Commonwealth under any other theory. The Supreme Court has held that the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against the states. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Quern v. Jordan*, 440 U.S.

332, 339-42 (1979); *Cowan v. Univ. of Louisville Sch. of Med.*, 900 F.2d 936, 940-41 (6th Cir. 1990).

In addition to the foregoing deficiencies, Lowe has no federal right to be transferred to a penal facility that is more convenient or is located closer to members of his family. Likewise, he has no federally-recognized right to a position as trustee at any place of incarceration. In fact, the law is to the contrary.

> Prisoners do not have a constitutional right to be incarcerated in any particular institution. Moreover, the Supreme Court has held repeatedly that the ability to transfer prisoners is essential to prison management, and that requiring hearings for such transfers would interfere impermissibly with prison administration. Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all.

*Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir.) (internal citations and quotation marks omitted). For these reasons, Lowe's Complaint will be dismissed for failure to state a claim upon which relief may be granted.

While the dismissal will end this case, the effect of the dismissal will reach beyond today, as Lowe continues to serve his sentences. That is because federal law bars prisoners such as Lowe from repeatedly filing meritless lawsuits without payment of filing fees and expenses. The applicable statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This is at least the third time Lowe has been granted permission to proceed *in forma pauperis* under section 1915, with a complaint which must later be summarily dismissed for a reason listed in the statute. *See Lowe v. Ball*, E.D. Ky. No. 6: 10-84-GFVT, Record No. 5; *Lowe v. Ball*, E.D. Ky. No. 6: 09-424-GFVT, Record No. 8. As a result, today's dismissal for failure to state a claim upon which the Court may grant relief is the last dismissal permitted before Lowe is barred from proceeding under the federal pauper statute.

Pursuant to section 1915(g), from this point forward, Lowe cannot proceed in any other civil action or appeal without prepayment of the $350 filing fee unless he fits the one exception to the statutory rule. He may proceed with another complaint in federal court *in forma pauperis* in the future if — and only if — he demonstrates that he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). To fall within the exception, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed.[2] *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).

---

2    The exception to § 1915(g) "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see also Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). Accordingly, "[a] prisoner's assertion that he faced danger in the past is insufficient to invoke the exception." *Tucker v. Ludwick*, No. 09-CV-13247, 2009 WL 2713950, at *2 (E.D. Mich. Aug. 26, 2009); *see also Censke v. Smith*, No. 1:07-CV-691, 2007 WL 2594539 at *3 (W.D. Mich. Sept. 4, 2007) (noting that when Congress chose the word "imminent," it intended to convey the sense of immediacy, something close at hand, or on the point of happening, not an event that transpired in the past).

## III. Conclusion

Lowe's Complaint fails to state a claim upon which relief may be granted. Furthermore, dismissal of this action constitutes Lowe's "third strike" under 28 U.S.C. § 1915(g). Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Willie Lowe's Complaint [Record No. 2] is **DISMISSED**, with prejudice.

(2) Judgment will be entered this date in accordance with this Memorandum Opinion and Order.

(3) Lowe is on notice that he is barred from proceeding *in forma pauperis* in any civil action or appeal in the federal courts unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

This 15th day of June, 2010.

